STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, v. WILLIAM C. PETERS, JR., RESPONDENT.

690 N.W.2d 629

Filed January 14, 2005.   No. S-04-529.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, William C. Peters, Jr., was admitted to the practice of law in the State of Nebraska on January 22, 1973, and at all times relevant hereto was engaged in the private practice of law in Gering, Nebraska. On May 3, 2004, formal charges were filed against respondent. The formal charges set forth one count that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); and Canon 6, DR 6-101(A)(2) (handling legal matter without adequate preparation).

On December 7, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he

knowingly admitted the truth of the allegations that he violated DR 1-102(A)(1) and (5) and DR 6-101(A)(2), and in effect waived all proceedings against him in connection therewith in exchange for a stated form of a consent judgment of a public reprimand and probation. Upon due consideration, the court approves the conditional admission and imposes discipline as outlined *infra*.

## FACTS

In his conditional admission, respondent admits that he undertook the representation of two clients in a chapter 13 bankruptcy proceeding. Respondent further admits that during the course of his representation of those clients, respondent filed bankruptcy plans that did not comply with the bankruptcy rules and failed to object to a creditor's motion for relief from the provisions of the bankruptcy automatic stay. The bankruptcy case was dismissed by the bankruptcy court due to respondent's failure to timely file an amended bankruptcy plan and failure to send appropriate notices as required under the bankruptcy rules.

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly admits the truth of the matters conditionally admitted and knowingly admits that he violated DR 1-102(A)(1) and (5) and DR 6-101(A)(2). We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and (5) and DR 6-101(A)(2) and that respondent should be and hereby is publicly reprimanded. We further order that respondent be on probation for a period of 1 year, effective immediately, during which time respondent will not accept any bankruptcy engagements and will complete 15 hours of continuing legal education in the area of bankruptcy law, to be approved by the Counsel for Discipline. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.